IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DOUGLAS R. JUDY, | ) | Civil No. 06-6268-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Richard F. McGinty
McGINTY & BELCHER
P. O. Box 12806
Salem, OR 97309

   Attorney for Plaintiff

David M. Blume
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue
Suite 2900, M/S 901
Seattle, WA 98104-7075

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

    Attorneys for Defendant

JONES, Judge:

Claimant seeks judicial review of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act.  *See* 42 U.S.C. §§ 401-33, 1381-83f.  This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a careful review of the record, I conclude that the decision of the Commissioner must be remanded for further proceedings.

## ADMINISTRATIVE HISTORY

Claimant filed his application for SSI on October 2, 2003.  Tr. 106-108.  He alleged that he was disabled since May 30, 2001 due to memory loss and impairments in his low back and arms.  Tr. 106, 146, 155.  The Commissioner denied his application initially and on reconsideration.  Tr. 34-38; 41-43.  Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on January 25, 2006.  Tr. 47, 53.  Claimant, who was represented by counsel, appeared and testified, as did a vocational expert ("VE") and two medical experts: Drs. McBarron and Tarrand.  Tr. 486-502.  On March 15, 2006, the ALJ held a supplemental hearing, taking testimony from the claimant's mother, Judy Hauser, and additional testimony from Dr. Tarrand.  Tr. 503-31.  On May 31, 2006, the ALJ issued a decision denying claimant's application, finding that the claimant was not disabled as defined by § 1614(a)(3)(A) of the Social Security Act, and therefore not eligible to receive SSI payments.  Tr. 17.  The ALJ's

decision became the final decision of the Commissioner on October 2, 2006, when the Appeals Council declined review.  Tr. 6-8; *see* 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also* Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989); Andrews, 53 F.3d at 1039-40.

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required.  *See* 20 C.F.R. § 416.920.  The claimant has the initial burden of proving a disability in steps one through four of the analysis.  *See* Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  If the claimant establishes that he is unable to continue his past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful activity in jobs existing in significant numbers in the national economy.  *See* id. (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989)); Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

3 - OPINION AND ORDER

In this case, the ALJ first determined that claimant had not engaged in substantial gainful activity at any time relevant to his decision. Tr. 14. Second, the ALJ found that claimant suffered from the following medically determinable, severe impairments: opiate dependence, alcohol dependence, major depressive disorder, antisocial personality disorder, cervical disc displacement disease and adhesive capsulitis of the right shoulder. Id. Third, the ALJ determined that claimant's impairments, including his substance use disorders, met section 12.09 of the Listing of Impairments, Appendix 1, Subpart P, Regulations Part 404. Tr. 17.

Because an individual may not be considered disabled if drug or alcohol addiction ("DAA") is a contributing material factor to the disability determination, 42 U.S.C. § 423(d)(2)(C), the ALJ next proceeded under 20 C.F.R. § 416.935, to repeat steps two and three, then go to step four, addressing the materiality of the claimant's drug and alcohol abuse.

Next, the ALJ determined that if the claimant stopped his substance abuse, he still would have a severe combination of impairments in the form of adhesive capsulitis and cervical disc displacement disease. Tr. 19. The ALJ further determined that if claimant stopped the substance abuse he would not meet or equal Listing 12.09. Tr. 20. The ALJ next determined that without the DAA, the claimant would have the residual functional capacity to perform a wide range of light level work, narrowed by his difficulties in social functioning. Id. Finally, the ALJ found that if the claimant stopped substance abuse, he would be able to perform his past relevant work as a cannery worker, laborer and landscape driver. Tr. 23. Because claimant's substance abuse was a factor material to the determination of disability, the ALJ found that the claimant was not disabled within the meaning of the Social Security Act. Tr. 24. As the ALJ determined that the claimant was not disabled at step four, he did not reach step five.

**STATEMENT OF FACTS**

The parties are familiar with the medical and other evidence of record. I will not, therefore, repeat the evidence except as necessary to explain my decision.

**DISCUSSION**

The claimant offers eight separate grounds for remand, several of which lack merit. A legal error in the ALJ's decision, however, requires remand for further proceedings. Claimant contends that the ALJ erred in concluding that he could return to his past relevant work when it was unclear that his work qualified as substantial gainful activity. Claimant also contends that the ALJ erred in failing to follow Ninth Circuit rules when evaluating the materiality of his DAA. The Commissioner, in turn, asserts that claimant had the burden to show he could not perform his past relevant work, and further asserts that the past work was substantial gainful activity. The Commissioner also asserts that the ALJ complied with Ninth Circuit precedent by finding claimant disabled at step three, and then re-evaluating the materiality of the claimant's DAA.

  1. **Past Relevant Work**

In his most persuasive argument, claimant argues that the ALJ's step four determination, that he could perform his past relevant work, is not supported by substantial evidence because his past work does not qualify as "relevant." I agree. A job qualifies as past relevant work only if it was performed in the past 15 years, lasted long enough for the claimant to learn how to do it, and was substantial gainful activity ("SGA"). 20 C.F.R. § 416.960(b)(1). SGA is work done for pay or profit that involves significant physical or mental activities. 20 C.F.R. § 416.972. Earnings can be a presumptive, but not conclusive, sign of whether a job was substantial gainful

5 - OPINION AND ORDER

activity. Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001). The Commissioner provides tables of monthly earnings levels that ordinarily will show that work was or was not substantial gainful activity. *See* 20 C.F.R. § 416.974(b). Generally, monthly earnings averaging less than $300 show that a claimant has not engaged in substantial gainful activity, 20 C.F.R. § 416.974(b)(3), while monthly earnings averaging more than $500 show that a claimant has engaged in substantial gainful activity. 20 C.F.R. § 416.974(b)(2). And "(i)f a claimant's average monthly earnings fall between $300 and $500, then the Commissioner will consider other information listed in the regulations." Lewis, 236 F.3d at 515.

Here, the ALJ concluded in step four that claimant "would be able to perform past relevant work as a cannery worker, laborer and landscape driver" without explaining what evidence in the record supported a finding that any of those jobs constituted SGA. The VE testified that she "was not sure there was any SGA" when she looked at claimant's earnings record. Tr. 525. The ALJ noted this testimony, but went on to say that on further questioning, the VE "explained that given the minimal skill levels involved . . . he [claimant] likely satisfied any durational requirements." In relying on this latter testimony, the ALJ confused two separate issues in the past relevant work analysis. Durational requirements help to determine specific vocational preparation, addressing the issue of whether claimant's employment lasted long enough for him to learn how to do it. Claimant's earnings record, along with other factors, helps to determine whether the described employment was SGA. Thus, the VE's testimony concerning duration did not explain or modify her testimony that she did not believe claimant's past work rose to SGA levels. The ALJ's conclusion that claimant could perform his past relevant work is,

6 - OPINION AND ORDER

therefore, not supported by substantial evidence, and requires remand for further proceedings to determine whether claimant's past work qualifies as substantial gainful activity.

    2.    **The Evaluation of DAA**

Claimant argues that the ALJ did not comply with Ninth Circuit precedent in determining the materiality of his substance abuse. I disagree. The Ninth Circuit has explained that in cases where DAA is implicated, "an ALJ must first conduct the five-step analysis without separating out the impact of alcoholism or drug addiction." Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001). The court adopted the Tenth Circuit view that "a finding of disability is a condition precedent to an application of 42 U.S.C. § 423(d)(2)(D)." Id. (*citing* Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001)). If an ALJ finds a claimant disabled, the regulations require an evaluation of whether the claimant would still be disabled if he or she stopped using alcohol or drugs. Id. at 955; *See* 20 C.F.R. § 416.935.

The Commissioner admits that the ALJ commented on the relationship between claimant's DAA and mental impairments in summarizing the medical evidence.[1] Tr. 15-16. The ALJ concluded, however, that "the claimant's impairments, including his substance abuse disorder(s) meet section 12.09 of the Listing of Impairments." Tr. 17. The ALJ's finding that claimant's impairments met a listing constitute a finding of "disabled." *See* 20 C.F.R. §§ 416.911 (a)(1) and 416.920 (a)(4)(iii). After making the disability finding, the ALJ proceeded to evaluate whether the claimant would still be disabled if he stopped using drugs and alcohol, as the regulations require. Tr. 19-24. Although claimant complains that the ALJ commented on the

---

[1] Even if the ALJ's comments amount to error, any error was harmless as it did not affect the result. *See* Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990).

7 - OPINION AND ORDER

effect of his DAA on his other impairments, in violation of Bustamante, the ALJ's comments were made after the finding of disability was made in step three. Consequently, the ALJ's DAA analysis was proper.

       3.      **Claimant's Additional Arguments**

In addition to the above two arguments, claimant alleges that the ALJ demonstrated bias; failed to consider all of his severe impairments; erred in determining his residual functional capacity; improperly relied on expert testimony, and improperly rejected lay witness' testimony. These arguments lack merit. With respect to bias, ALJ's are presumed to be unbiased. To rebut this presumption, claimant must show that the ALJ's behavior was so extreme that it displayed a clear inability to render a fair judgment by pointing to a "conflict of interest or some other specific reason for disqualification." Rollins v. Massanari, 261 F.3d 853, 858 (9th Cir. 2001); *also see* Bayliss v. Barnhart, 427 F.3d 1211, 1215 (9th Cir. 2005). Claimant argues that by not selecting a medical witness in accordance with the Commissioner's rules and by overruling his objection to the witness, the ALJ showed bias or abused his discretion. That falls far short of showing extreme behavior displaying an inability to render fair judgment, nor does it show a conflict of interest.

With respect to claimant's argument that the ALJ did not consider all of his impairments, an ALJ has a duty to consider all relevant medical evidence of a claimant's impairments, and is responsible for resolving conflicts and ambiguities. *See* Magallenes, 881 F.3d at 750. The ALJ addressed claimant's right wrist and hand complaints by finding that claimant's adhesive capsulitis was a "severe medically determinable impairment" that accounted for his pain in his arm and wrist. Tr. 16-17. Similarly, the ALJ addressed the claimant's pelvic injury and back

8 - OPINION AND ORDER

pain by finding that claimant's cervical disc displacement was a severe medically determinable impairment that accounted for his back pain. Id. In making these findings, the ALJ properly relied on the testimony of Drs. McBarron and Neville. Id. In contrast, the ALJ found that claimant's organic brain injury and memory loss were not supported by the totality of the medical evidence, and were therefore not severe medically-determinable impairments. Tr. 17. The ALJ explained how he reached that conclusion, properly addressing the conflicts and ambiguities between the medical evidence of record and the claimant's and lay witness' statements. Id. Therefore, the ALJ's assessment of the claimant's severe impairments is based on substantial evidence.

Claimant next argues that the ALJ erred in determining his residual functional capacity by failing the provide functional limitations related to his severe impairments. The ALJ did provide functional limitations for claimant's adhesive capsulitis and cervical disc displacement by limiting claimant to light work, lifting no more than 20 pounds occasionally, and 10 pounds frequently. Tr. 22. The ALJ based his assessment on the totality of the medical evidence and some of claimant's and the lay witness' testimony. Id. Further, the ALJ properly accounted for claimant's non-exertional limitations as either DAA-related (like claimant's depression) or mild (like claimant's memory loss/organic brain injury). Id. Those conclusions were based on the expert testimony of Dr. Tarrand, and the opinions of two state agency doctors. Id. Claimant argues that the ALJ erred in adopting only some of the limitations indicated on the Mental Residual Functional Capacity assessment form filled out by Dr. LeBray, specifically those found in Section III, the narrative assessment, while not adopting those limitations indicated in Section I, the worksheet. Tr. 383-387. However, an ALJ is not required to accept or reject all of

9 - OPINION AND ORDER

a doctor's medical opinion; rather, the ALJ must consider all of the evidence in concert and resolve any conflicts and ambiguities. *See* Magallenes, 881 F.3d at 750. Further, it appears that the ALJ properly credited Dr. LeBray's assessment according to the Commissioner's Program Operations Manual, which states that "Section I is merely a worksheet . . . and does not constitute the Residual Functional Capacity assessment," and that "Section III . . . is the actual mental residual functional capacity assessment." Program Operations Manual, DI 24510.060(B)(2)-(3). Therefore, because the ALJ provided functional limitations for all of the claimant's impairments found to be severe, and properly credited Dr. LeBray's assessment, the residual functional capacity determination is supported by substantial evidence.

Claimant next argues that the ALJ could not rely on medical expert Dr. Nancy Tarrand's testimony because she reviewed only the medical evidence and not all witness' statements. Claimant waived judicial review of this argument because he was represented by counsel and his counsel failed to raise this issue before the ALJ. *See* Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999).

Claimant next contends that the ALJ improperly discredited the lay testimony of Judy Hauser, claimant's adoptive mother. Generally, family members are competent to testify about a claimant's symptoms and limitations. Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ must give germane reasons for rejecting lay evidence. One germane reason is the close relationship between the witness and the claimant. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). Another germane reason is when the lay evidence conflicts with the medical evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, the ALJ considered the lay witness testimony in concert with all other evidence, gave specific examples of how the

10 - OPINION AND ORDER

testimony conflicted, and explained what weight was given, and how he resolved the conflict, as he saw fit. The ALJ's job is to resolve conflicts and weigh witness credibility. That is precisely what the ALJ did here. Therefore, the ALJ's consideration of lay witness testimony is free from legal error.

Claimant's final argument is that the ALJ failed to reconcile a conflict between the VE's testimony and the Dictionary of Occupational Titles. That argument necessarily will be addressed on remand, when the ALJ takes new testimony from the VE. It is, therefore, unnecessary for this court to reach it.

## **CONCLUSION**

For the foregoing reasons, and based on my review of the record, the Commissioner's decision denying claimant's application for SSI is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 20th day of September, 2007.

     /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge